IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
BENNIE WILLIS,

                              Plaintiff,

        - against -

LANDAMERICA ONESTOP, INC., d/b/a/
LAWYERS TITLE SERVICES COMPANY, INC.,
and/or LAWYERS TITLE INSURANCE CORPORATION,
ACRANET MORTGAGE SETTLEMENT
SOLUTIONS, LLC, d/b/a ACRANET LENDSERV,
RICHARD ROVEGNO and LAURA ROVEGNO,

                              Defendants.
---------------------------------------------------------------X

**COMPLAINT**

Docket No.

# 07 CIV. 3646

**ROBINSON**

Plaintiff, BENNIE WILLIS, complaining of the Defendants, LANDAMERICA

ONESTOP, INC., d/b/a/ LAWYERS TITLE SERVICES COMPANY, INC., and/or LAWYERS

TITLE INSURANCE CORPORATION, ACRANET MORTGAGE SETTLEMENT

SOLUTIONS, LLC, d/b/a ACRANET LENDSERV, RICHARD ROVEGNO and LAURA

ROVEGNO, by and through his attorneys, KEVIN T. MULHEARN, P.C., hereby alleges that:

## P A R T I E S:

1.      Plaintiff, BENNIE WILLIS, is an individual who is, and at all material times has

        been, a citizen and resident of the State of Arkansas.

2.      Defendant, LANDAMERICA ONESTOP, INC. ("LANDAMERICA"), is a

        corporation that is incorporated under the laws of the State of Virginia. At all

        material times, Defendant LANDAMERICA ONESTOP, INC., has conducted

        business in the State of New York, individually, and/or as and/or by and through

        its wholly owned subsidiaries and/or affiliates, LAWYERS TITLE SERVICES

COMPANY, INC. and/or LAWYERS TITLE INSURANCE CORPORATION. For the purposes of this Complaint, the designation LANDAMERICA shall be used interchangeably for each of the business entities named in this paragraph. Defendant LANDAMERICA may be served with process, pursuant to Rule 4(h)(l) of the Federal Rules of Civil Procedure, by serving its New York State registered agent, Rick J. Preziosi, at 10 Bank Street, Suite 1120, White Plains, New York 10606.

3.    Defendant, ACRANET MORTGAGE SETTLEMENT SOLUTIONS, LLC ("ACRANET"), is a limited liability corporation that, upon information and belief,  is incorporated under the laws of the Commonwealth of Pennsylvania. Defendant ACRANET, upon information and belief, has a principal place of business in the Commonwealth of Pennsylvania, at 113 Technology Drive, Pittsburgh, Pennsylvania 15275.   At all material times, Defendant ACRANET has conducted business in or with respect to real property located within New York State individually, and/or as and/or by and through its wholly owned subsidiary or affiliate known as ACRANET LENDSERV.  For the purposes of this Complaint, the designation ACRANET shall be used interchangeably for each of the business entities named in this paragraph.

4.    Defendants, RICHARD ROVEGNO and LAURA ROVEGNO (the "ROVEGNO Defendants"), are individuals who, upon information and belief, are citizens and residents of the State of New York.  Upon information and belief, they reside in the County of Rockland, State of New York.  Prior to May 5, 2006, said

Defendants, upon information and belief, were the sole and rightful owners, in fee simple, of the real property located at 28 Terri Lee Lane, New Hempstead, New York 10977 (the "subject premises").

## J U R I S D I C T I O N AND VENUE:

5.     This Court has jurisdiction over this lawsuit under 28 U.S.C. §1332(a)(1) because the Plaintiffs and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000.00, excluding interest and costs.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. §1391(a)(2) in that a substantial part of the events or omissions giving rise to this action occurred in this judicial district, and a substantial part of the property at issue (indeed, the entirety of the real property at issue) is situated within this judicial district.

## FACTS:

7.     On April 21, 2006, Plaintiff and the ROVEGNO Defendants executed a written contract whereby Plaintiffs agreed to purchase from the ROVEGNO Defendants real property located at 28 Terri Lee Lane, New Hempstead, New York 10977 (the "subject premises"), for the agreed upon purchase price of $434,000.00.

8.     A copy of said contract is annexed hereto as Exhibit A and made a part hereof.

9.     In or about April, 2006, Plaintiff, through his mortgage company, Premium Capital Funding, LLC, retained Defendant ACRANET, for the purpose of issuing a policy of title insurance in favor of Plaintiff, as owner of the subject premises,

3

and a policy of title insurance in favor of Premium Capital Funding, LLC, as mortgagee of the subject premises..

10.     Defendant ACRANET, then selected and used Defendant LANDAMERICA as title underwriter, and Defendant LANDAMERICA agreed to serve as title underwriter for the contemplated transaction.

11.     Defendant LANDAMERICA, as title underwriter, assumed duties and responsibilities to, *inter alia*, oversee and supervise its title agent, Defendant ACRANET, with respect to obtaining and securing a bona fide Title Owner's Policy for Plaintiff for the subject premises; overseeing the proper execution, transfer, and recording of all necessary transfer documents for the subject premises, including the transfer deed, the TP-584, and RP-5217 forms, in compliance with New York law and procedure; and securing, if possible, good and marketable title for the subject premises in favor of Plaintiff.

12.     Defendant, LANDAMERICA, is and at all material times has been authorized to conduct title underwriting services in the State of New York, and with respect to real property located within the State of New York.

13.     Defendant ACRANET, and its agents, at all material times, acted with the authority, expressed or implied, of Defendant LANDAMERICA, as a designated title agent, in connection with the transaction at issue.

14.     Accordingly, a contractual and fiduciary relationship was created between Plaintiff and Defendants LANDAMERICA and ACRANET, and said Defendants had an obligation to, at all material times, act in the best interests of Plaintiff, to

4

secure, if possible, good and marketable title for the subject premises, comply with New York law and procedures in connection with the transfer of New York real property and the delivery of good and marketable title therewith, and the recording of all necessary transfer documents in compliance with New York law and procedure.

15.   Plaintiff promptly secured two written mortgage commitments in the total sum of $434,000.00 from Premium Capital Funding, LLC, and on May 5, 2006, Plaintiff was ready, willing and able to close on the purchase of the subject premises.

16.   Defendants LANDAMERICA and ACRANET, by and though ACRANET's authorized representative, Roy Dale Adams, facilitated the closing of the transaction - in its capacity as title company - in Arkansas, on May 5, 2006.  At all material times, Mr. Adams acted with the authority, expressed or implied, of both Defendants LANDAMERICA and ACRANET.

17.   Plaintiff was not represented by counsel during this transaction, and, on several occasions, Plaintiff was informed by Defendant ACRANET's agent, Ms. Tricia Somerville, that Plaintiff did not need to retain an attorney to handle the real estate transaction, and that the title company was competent to handle all required transaction and document review (and oversight of execution of documents).

18.   On May 5, 2006, a purported closing of the aforesaid real estate transaction occurred, as Mr. Adams met with Plaintiff at an office in Harrison, Arkansas (200 Highway 43 East, Suite 5) and purported to oversee the execution of all required documents.

19.    At said May 5, 2006 closing, Plaintiff executed a mortgage and all other required

loan documentation; as well as a HUD-1 Settlement Statement ( a true and

accurate copy of which is annexed hereto and made apart hereof as Exhibit B);

Plaintiff forwarded all required purchase sums to Defendant ACRANET, who in

turn disbursed all sums due and owing to the ROVEGNO Defendants.

Defendant ACRANET thereafter received a Warranty Deed (annexed hereto as

Exhibit C and made a part hereof) executed by the ROVEGNOS on May 5, 2006.

Said Warranty Deed was delivered to ACRANET only after said ROVEGNO

Defendants received full and complete consideration for the real property, subject

to the terms and conditions of the aforesaid contract of sale.

20.    At closing, all mortgage funds were tendered to Defendant ACRANET, and

Defendant ACRANET retained from those funds a fee in the amount of

$2,229.78, as and for Plaintiff's payment of the Basic Owner's Premium to

Defendant ACRANET.  Said payment is reflected on line 1306 of the aforesaid

HUD-1 Settlement Statement.

21.    At closing, Plaintiff was given a number of documents to sign by the Defendant

ACRANET, including a document (which is annexed hereto and made a part

hereof as Exhibit D), entitled "Waiver of Title Insurance (Owner's Policy)."

22.    The meaning and impact of this document was not conveyed to Plaintiff by

Defendants LANDAMERICA or ACRANET, or any of their agents, or any other

person.  Indeed, Plaintiff, at all material times, believed that he was paying for

and receiving a Title Owner's Policy from Defendants LANDAMERICA and

6

ACRANET.

23.   To the extent that Plaintiff executed said waiver, it was executed under fraud, duress, coercion and/or undue influence.

24.   Moreover, Defendants LANDAMERICA and ACRANET, by virtue of ACRANET's acceptance of the fee for said Owner's Policy, by their actions and/or omissions, evinced an acknowledgment that all parties understood and agreed that Plaintiff would be obtaining a Title Owner's Policy from said Defendants..

25.   For all real property transferred in New York State, it is axiomatic that a County Clerk may not record a duly executed deed transferring said real property, unless and until said County Clerk simultaneously (at the time of the filing) records a fully executed RP-5217 (Real Property Transfer Report) and a fully executed TP-584 (Combined Real Estate Transfer Tax Return).

26.   Title companies doing business with respect to real property located in New York State, such as Defendants LANDAMERICA and ACRANET, know, or should know, of this basic legal requirement.

27.   Upon information and belief, however, at closing, Defendants LANDAMERICA and ACRANET, and their agents, failed to facilitate the execution of both the required RP-5217 and TP-584 forms.

28.   Upon information and belief, Defendants LANDAMERICA and ACRANET, and their agents, were unable to properly file the aforesaid Warranty Deed after closing, because they did not have (and made no effort to obtain) the requisite

ancillary forms (i.e., RP-5217 and TP-584).

29.    Defendants LANDAMERICA and ACRANET, moreover, made no effort to cure

the blatant defects with respect to the aforesaid transfer documents, but rather

deliberately, maliciously and fraudulently, concealed those defects from Plaintiff

(after Defendants LANDAMERICA and ACRANET obtained actual or

constructive knowledge of said defects).

30.    At or prior to closing, Plaintiff obtained from Foremost Insurance Company a

Homeowner's Insurance Policy which provided insurance for fire or other loss in

the sum of $434,000.00 (annexed hereto as Exhibit E and made apart hereof).

31.    On March 9, 2007, while the ROVEGNO Defendants were still residing at the

subject premises pursuant to a post-closing occupancy agreement between

Plaintiff and the ROVEGNO Defendants, the real property which Plaintiff had

purchased on May 5, 2006 (the "subject premises"), burned to the ground due to,

upon information and belief, faulty wiring.

32.    Immediately thereafter, Plaintiff filed a claim with said Foremost Insurance

Company for reimbursement of his loss (total loss of home).

33.    On March 12, 2007, Plaintiff was notified - for the first time - by Foremost

Insurance Company that Plaintiff's name was not on the deed of record and that

he therefore had no insurable interest in the property.

34.    On or about March 13, 2007, Plaintiff contacted Defendant ACRANET (and

spoke to Tricia Somerville) and informed them of the situation.

8

35.   Thereafter, on or about March 16, 2007, Plaintiff received a letter from Defendant
ACRANET (annexed hereto and made a part hereof as Exhibit F), which notified
Plaintiff that "the original [mortgage] is missing" and returned a clean mortgage
to Plaintiff for his execution.

36.   Plaintiff, on or about March 27, 2007, obtained a Binder Agreement executed by
Wales Corley Roseland Corp./Yehuda Frank (prospective purchaser), (annexed
hereto as Exhibit G) whereby the prospective purchaser offered to purchase (for
the sum of $275,000.00) the land at 28 Terri Lee Lane, New Hempstead, New
York, which was transferred to Plaintiff by the ROVEGNO Defendants on May 5,
2006.

37.   Plaintiff, however, solely as a result of the aforesaid title problems, which are
exclusively the fault of Defendants LANDAMERICA and ACRANET, cannot
obtain clean title to effectuate this land transfer, absent judicial intervention.

38.   Plaintiff continues to be obligated to make monthly mortgage payments (now, to
Chase) in the sum of $3,192.01 per month, for the subject premises, but cannot
obtain any use or enjoyment of said subject premises. Indeed, despite numerous
demands, the ROVEGNO Defendants continue to refuse to re-execute any and all
transfer documents with respect to the subject premises.

39.   Upon information and belief, Defendants, the ROVEGNOS, have had judgments
or liens assessed against them in the approximate sum of $56,000.00. As the
ROVEGNO Defendants are still showing to be record owners of the subject
premises, these judgments or liens are being assessed improperly against the

premises owned by Plaintiff.

## AS AND FOR A FIRST CLAIM

### NEGLIGENCE – AGAINST DEFENDANTS LANDAMERICA AND ACRANET

40.    Plaintiff repeats and realleges each of the allegations contained in paragraphs "1"

through "39" herein, as of each has been fully set forth at length.

41.    Defendants LANDAMERICA and ACRANET owed Plaintiff duties to conduct

their title and underwriting businesses in an honest, reasonable and competent

manner, and to protect the subject premises from any title defects and/or disputes

as to good and marketable title, to promptly file with the Rockland County Clerk

the May 5, 2006 deed transferring ownership to Plaintiff, to obtain, oversee the

execution of, and then promptly record (with the deed) the ancillary transfer

documents (i.e., TP- 584 and RP -5217),  to comply with New York law and

procedure with respect to the transfer of real property in New York State and the

recording of any and all documents necessary to effectuate said transfer, and to

issue a bona fide and effective Owner's Title insurance policy in favor of Plaintiff

for the subject premises..

42.    Defendants LANDAMERICA and ACRANET breached said duties to Plaintiff

by their aforesaid conduct, including but not limited to: failing to obtain (and

oversee the execution of ) the necessary RP-5217 and TP-584 documents from the

parties; failing to file the Warranty Deed in a timely manner; failing to file the

mortgage in a timely manner; failing to notify Plaintiff of any and all defects, or

potential title problems; failing to notify Plaintiff that the Deed had not been filed

in a timely manner; failing to attempt to cure any of the aforesaid deficiencies; failing to issue and/or obtain the requisite Title Owner's Policy (despite necessary full payment for same); failing to comply with New York law and procedure with respect to the transfer of real property located in New York State and the necessary recording of all transfer documents in connection therewith; and (for Defendant LANDAMERICA only) failing to select (and/or hire) and oversee a competent, honest and trustworthy title agent, and failing to properly supervise and oversee its title agent (ACRANET) with respect to all components of the transaction at issue and all of the aforesaid acts and/or omissions of ACRANET and/or its agents.

43.     Defendants LANDAMERICA and ACRANET's breaches of their aforesaid duties to Plaintiff were so egregious, gross and reckless, that they evince a reckless disregard and deliberate indifference to the rights and legal interests of Plaintiff, and may be deemed "willful and wanton."

44.     As a direct and proximate result of Defendants LANDAMERICA and ACRANET's aforesaid breaches of duty, Plaintiff has suffered severe and significant injuries, including but not limited to severe emotional distress and pain and suffering, the loss of the full value of the subject premises in a sum not less than $434,000.00, and the loss of an ability to sell the land at the subject premises for the sum of $275,000.00.

45.     Plaintiff, therefore, has suffered compensatory damages in a sum not less than $709,000.00, and, by virtue of Defendants LANDAMERICA and ACRANET's

aforesaid willful, wanton and reckless conduct, is entitled to receive punitive

damages from Defendants LANDAMERICA and ACRANET in a sum not less

than $2,000,000.00 ($2 million).

## AS AND FOR A SECOND CLAIM – FRAUDULENT CONCEALMENT
## AGAINST DEFENDANTS LANDAMERICA AND ACRANET

46.    Plaintiff repeats and realleges each of the allegations contained in paragraphs "1"

through "45" herein, as of each has been fully set forth at length.

47.    Defendants LANDAMERICA and ACRANET, and their agents, at all material

times, owed Plaintiff fiduciary obligations and had superior knowledge to that of

Plaintiff with respect to its their aforesaid required obligations to facilitate the

transfer of good and marketable title of the subject premises from the ROVEGNO

Defendants to Plaintiff, to conduct their title and underwriting businesses in an

honest, reasonable and competent manner,  to protect the subject premises from

any title defects and/or disputes as to good and marketable title,  to issue and/or

obtain the requisite Title Owner's Policy (especially after receiving the necessary

full payment for same from Plaintiff), to promptly file with the Rockland County

Clerk the deed transferring ownership to Plaintiff, to obtain, oversee the execution

of, and then promptly record (with the deed) the ancillary transfer documents

(i.e., TP- 584 and RP -5217), and to comply with New York law and procedure

with respect to the transfer of real property in New York State and the recording

of any and all documents necessary to effectuate said transfer.

12

48.   Defendants LANDAMERICA and ACRANET, likewise, by reason of their aforesaid fiduciary relationship and superior knowledge, had a duty to promptly warn and notify Plaintiff of his risk of loss due to the aforesaid failures of Defendants, and especially their failures to record the Warranty Deed and issue and/or obtain an Owner's Title Insurance Policy in favor of Plaintiff for the subject premises.

49.   Defendants, LANDAMERICA and ACRANET, and their agents, at all material times, deliberately, intentionally, willfully and wantonly concealed from Plaintiff, all facts and information related to their failures to promptly file and record the aforesaid Warranty Deed, to facilitate the execution and recording of the aforesaid TP584 and RP5217 forms, to secure an Owner's Title Insurance Policy (which Plaintiff paid for) in favor of Plaintiff for the subject premises, and to promptly notify Plaintiff of all of the aforesaid title deficiencies and/or title problems.

50.   Plaintiff relied to his considerable detriment and prejudice on Defendants LANDAMERICA and ACRANET's capability and willingness to conduct their title and underwriting duties and businesses with respect to Plaintiff in an honest, fair, competent and reasonable manner, to facilitate the transfer of good and marketable title of the subject premises from the ROVEGNO Defendants to Plaintiff, to protect the subject premises from any title defects and/or disputes as to good and marketable title, to issue and/or obtain the requisite Title Owner's Policy (especially after receiving the necessary full payment for same from

13

Plaintiff), to promptly file with the Rockland County Clerk the deed transferring ownership to Plaintiff, to obtain, oversee the execution of, and then promptly record (with the deed) the ancillary transfer documents (i.e., TP- 584 and RP - 5217), and to comply with New York law and procedure with respect to the transfer of real property in New York State and the recording of any and all documents necessary to effectuate said transfer.

51.     As a direct and proximate result of the aforesaid wrongful and fraudulent concealment on the part of the Defendants, LANDAMERICA and ACRANET, and the aforesaid reliance of Plaintiff herein, Plaintiff is entitled to compensatory damage in a sum not less than $709,000.00 and punitive damages in a sum not less than $2,000,000.00 ($2 Million).

## AS AND FOR A THIRD CLAIM – VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 349 – AGAINST DEFENDANTS LANDAMERICA AND ACRANET

52.     Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "51" herein, as of each has been fully set forth at length.

53.     By reason of the foregoing, Defendants LANDAMERICA and ACRANET engaged in conduct with respect to the furnishing of title services in the State of New York that was deceptive and misleading in a practical way.

54.     Said deceptive and misleading conduct was "consumer-oriented" and caused consumer injury and harm to the public interest in that Defendants LANDAMERICA and ACRANET created a situation whereby the good and marketable title of the subject premises was impaired, and said premises may

14

therefore not be freely transferred pursuant to free and natural commerce in the real estate marketplace in New York State.

55.     Plaintiff has been specifically injured "by reason of" the aforesaid conduct of Defendants LANDAMERICA and ACRANET.

### AS AND FOR A FOURTH CLAIM

**SPECIFIC PERFORMANCE – AGAINST THE ROVEGNO DEFENDANTS**

56.     Plaintiff repeats and realleges each of the allegations contained in paragraphs "1" through "57" herein, as of each has been fully set forth at length.

57.     With respect to the aforesaid April 21, 2006 contract of sale between Plaintiff and the ROVEGNO Defendants, Plaintiff performed each and every one of its contractual obligations, including but not limited to full payment of its purchase price ($434,000.00).

58.     The ROVEGNO Defendants therefore should be promptly compelled to perform all obligations needed to effectuate the transfer of good and marketable title to Plaintiff, as necessary, including but not limited to: (1) the re-execution of a Deed (with ancillary transfer documents (TP-584 and RP-5217) and prompt delivery of same to Plaintiff for filing and recording; and (2) the removal, at the ROVEGNO Defendants' sole expense, of any liens or judgments assessed against the subject premises, either pre-closing or post-closing.

WHEREFORE, based upon the aforesaid, Plaintiff respectfully requests that this Court issue an Order and Judgment in favor of Plaintiff and against Defendants, which shall provide:

15

1.　　As and for the first claim (Negligence - against Defendants, LANDAMERICA and ACRANET) that a judgment be issued in favor of Plaintiff and against Defendants, LANDAMERICA and ACRANET, jointly and severally, in a sum not less than $709,000.00, as and for compensatory damages, and in a sum not less than $2,000,000.00 ($2 million), as and for punitive damages;

2.　　As and for the second claim (Fraudulent Concealment - against Defendants, LANDAMERICA and ACRANET) that a judgment be issued in favor of Plaintiff and against  Defendants LANDAMERICA and ACRANET, jointly and severally, in a sum not less than $709,000.00, as and for compensatory damages, and in a sum not less than $2,000,000.00 ($2 million), as and for punitive damages;

3.　　As and for the third claim (violation of New York General Business Law §349 - against Defendants, LANDAMERICA and ACRANET) that a judgment be issued in favor of Plaintiff and against  Defendants LANDAMERICA and ACRANET, jointly and severally, in a sum not less than $709,000.00, as and for compensatory damages, and in a sum not less than $2,000,000.00 ($2 million), as and for punitive damages; and that said Defendants be directed therein to pay Plaintiff's reasonable attorneys' fees, pursuant to New York General Business Law §349 (h);

4.　　As and for a fourth claim (Specific Performance - against Defendants RICHARD ROVEGNO and LAURA ROVEGNO, that a judgment of specific performance, in the form of a judgment of law, a judgment of equity, or a judgment granting Plaintiff preliminary or permanent injunctive relief, or final relief, or a declaratory

judgment, be issued in favor of Plaintiff and against Defendants, RICHARD

ROVEGNO and LAURA ROVEGNO, jointly and severally, compelling said

Defendants to perform all obligations needed to effectuate the transfer of good

and marketable title to Plaintiff, as necessary, including but not limited to: (1) the

re-execution of a Deed (with ancillary transfer documents (TP-584 and RP-5217)

and prompt delivery of same to Plaintiff for filing and recording; and (2) the

removal, at said Defendants' sole expense, of any liens or judgments assessed

against the subject premises, either pre-closing or post-closing.

5.      That this Court award Plaintiff reasonable attorneys' fees and the costs and

disbursements of this action, and

6.      Grant Plaintiff any other, different, or further relief as to this Court may seem

just, proper or necessary.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.


Dated: May 2, 2007
       Orangeburg, New York                    Respectfully submitted,

                                               KEVIN T. MULHEARN, P.C.


                                               By:  Kevin T. Mulhearn (KM 2301)
                                               Attorneys for Plaintiff
                                               60 Dutch Hill Road, Suite 8
                                               Orangeburg, New York 10962
                                               (845) 398-0361

17

# EXHIBIT A

# PURCHASE AGREEMENT

**THIS AGREEMENT** made and entered into this 21st day of April 2006, by and between Richard Revegno and Laura Rovegno, husband and wife, herein called Seller, and Bennie Willis, herein called buyer,

**WITNESSTH:**

**IN CONSIDERATION** of the mutual promises, agreements and undertakings of the parties hereto, **IT IS MUTUALLY AGREED AS FOLLOWS:**

1. Seller agrees to sell and Buyer agrees to purchase the following described real estate Located in Rockland County, New York, to-wit:

<div align="center">

28 Terri Lee Ln
New Hempstead, NY 10977

</div>

2. The purchase price for said real estate shall be $434,000.

3. Sellers are responsible for paying off any lien that has been placed against the property also including paying any amounts due for back taxes up to the date of closing.

4. Seller agrees to pay up to 6% Seller concessions towards the Buyers closing cost

5. This contract shall be binding upon the parties hereto, their heirs, executors, administrators, personal representatives, successors and\or assigns.

6. This contract constitutes the entire agreement between the parties.

7. Buyer acknowledges that there are no agreements or representations, oral or otherwise, which had been made to Buyer as an inducement to sign this contract other than those set forth herein.

**IN THE WITNESS WHEREOF,** the parties have executed this agreement the day and year first above written.

SELLER:                                      BUYER:

_____          _____
Richard Rovegno                              Bennie Willis

EXHIBIT B

FINAL

| A. SETTLEMENT STATEMENT  Underwriter Name | U.S. Department of Housing and Urban Development |
|---|---|
| B. Type of Loan  LAWYERS TITLE INSURANCE CORPORATION AMSS | OMB Approval No. 2502-0265 REV.HUD-1(3/86) |

| 1. ☐ FHA | 2. ☐ FmHA | 3. ☐ Conv. Unins. | 6. File Number:  9361112860 | 7. Loan Number: | 8. Mortgage Insurance Case Number |
|---|---|---|---|---|---|
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c)" were paid outside the closing; they are shown here for information purposes and are not included in the totals.
WARNING: It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

| D. NAME OF BORROWER: | BENNIE E WILLIS |
|---|---|
| ADDRESS: | 28 TERRI LEE LN NEW HEMPSTEAD NY 10977 |
| E. NAME OF SELLER: | |
| ADDRESS: | |
| F. NAME OF LENDER: | PREMIUM CAPITAL FUNDING |
| ADDRESS: | 125 JERICHO TURNPIKE SUITE 500 JERICHO NY 11753 |
| G. PROPERTY ADDRESS: | 28 TERRI LEE LN NEW HEMPSTEAD NY 10977 |
| H. SETTLEMENT AGENT: | ACRANET, Telephone:4127882207 |
| PLACE OF SETTLEMENT: | 112 Technology Drive  Pittsburgh,PA 15275 |
| I. SETTLEMENT DATE:  05/03/2006 | DISBURSEMENT DATE: 05/03/2006 |

| J. SUMMARY OF BORROWER'S TRANSACTION: | | K. SUMMARY OF SELLER'S TRANSACTION |  |
|---|---|---|---|
| 100. GROSS AMOUNT DUE FROM BORROWER | | 400. GROSS AMOUNT DUE TO SELLER | |
| 101. Contract Sales Price | 434,000.00 | 401. Contract Sales Price | 434,000.00 |
| 102. Personal Property | | 402. Personal Property | |
| 103. Settlement Charges to Borrower | 70,571.28 | 403. | |
| 104. | | 404. | |
| 105. Payoff Other Loans | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/town taxes | | 406. City/town taxes | |
| 107. County Taxes | | 407. County Taxes | |
| 108. School Tax | | 408. School Tax | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| 120. GROSS AMOUNT DUE FROM BORROWER | 363,338.51 | 420. GROSS AMOUNT DUE TO SELLER | 434,000.00 |
| 200. AMOUNTS PAID BY OR ON BEHALF OF BORROWER | | 500. REDUCTIONS IN AMOUNT DUE TO SELLER | |
| 201. Deposit or Earnest Money | | 501. Excess Deposit (instructions) | |
| 202. Principal Amount of New Loans | 347,500.00 | 502. Settlement Charges to Seller | 10,565.76 |
| 203. Existing Loans | | 503. Existing Loans | |
| 204. Seller Concession | 11,940.48 | 504. Seller Concession | 11,940.48 |
| 205. | | 505. | |
| 206. | | 506. Payoff 202027208 CHAMPION MORTGAGE | 266,722.21 |
| 207. | | 507. Payoff 202027280 CHAMPION MORTGAGE CO., INC. | 61,371.80 |
| 208. | | 508. | |
| 209. | | 509. Payoff Other Loans | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/town Taxes to 05/05/2006 | 95.84 | 510. City/town Taxes to 05/05/2006 | 95.84 |
| 211. County Taxes to 05/05/2006 | 363.84 | 511. County Taxes to 05/05/2006 | 363.84 |
| 212. School Tax to 05/05/2006 | 3,726.48 | 512. School Tax to 05/05/2006 | 3,726.48 |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| 220. TOTAL PAID BY/FOR BORROWER | 363,338.51 | | |
| 300. CASH AT SETTLEMENT FROM OR TO BORROWER | | 520. TOTAL REDUCTION AMOUNT DUE SELLER | 349,788.49 |
| 301. Gross amount due from borrower (line 120) | 363,338.51 | 600. CASH AT SETTLEMENT TO OR FROM SELLER | |
| 302. Less amounts paid by/for borrower (line 220) | 363,338.51 | 601. Gross amount due to seller (line 420) | 434,000.00 |
| | | 602. Less reduction amount due seller (line 520) | 349,788.49 |
| 303. CASH TO BORROWER | 0.00 | 603. CASH TO SELLER | 80,211.52 |

SUBSTITUTE FORM 1099 SELLER STATEMENT: The information contained herein is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction will be imposed on you if this item is required to be reported and the IRS determines that it has not been reported and the IRS determines that it has not been reported. The Contract Sales Price described on line 401 above constitutes the Gross Proceeds of this transaction.

You are required by law to provide the settlement agent(Fed. Tax ID No._____) with your correct taxpayer identification number. If you do not provide the settlement agent with your correct taxpayer identification number, you may be subject to civil or criminal penalties imposed by law. Under penalties of perjury, I certify that the number shown on this statement is my correct taxpayer identification number.

TIN:_____

SELLER(S) SIGNATURE: _Bennie Willis_  _____

SELLER(S) NEW MAILING ADDRESS:  8 Rhiecinski St  West Hollersth, NY 10933

SELLER(S) PHONE NUMBERS: 914-329-8229 (H)  _____ (W)

_B.E.W._

| U.S.DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT | File Number: 9261112569 | | FINAL | PAGE 2 |
|---|---|---|---|---|
| SETTLEMENT STATEMENT   REV.HUD-1(3/86) | Deb Weintymeski | | Printed on 5/5/2006 | |
| **L. SETTLEMENT CHARGES** | | | PAID FROM BORROWER'S FUNDS AT | PAID FROM SELLER'S FUNDS AT |
| 700. | TOTAL SALES/BROKER'S COMMISSION based on price $434,000.00 @ 0.00% = $0.00 | | | |
| | Division of commission (line 700) as follows: | | | |
| | **ITEMS PAYABLE IN CONNECTION WITH LOAN** | | | |
| 801. | Loan Origination Fee | | | |
| 802. | Loan Discount | | | |
| 803. | Appraisal Fee to SULLIVAN COUNTY APPRAISAL SERVICE   POC-B   350.00 | | 0.00 | 0.00 |
| 804. | Credit Report to PREMIUM CAPITAL FUNDING | | 14.00 | 0.00 |
| 805. | FLOOD DETERMINATION to PREMIUM CAPITAL FUNDING | | 15.00 | 0.00 |
| 806. | TAX SERVICE FEE to PREMIUM CAPITAL FUNDING | | 75.00 | 0.00 |
| 807. | LEGAL REVIEW FEE to GINDI & BARONE LLP | | 375.00 | 0.00 |
| 808. | YSP to FIRST NATIONAL MORTGAGE SOURCES LLC   POC-L   3472.00 | | 0.00 | 0.00 |
| 809. | UNDERWRITING FEE to PREMIUM CAPITAL FUNDING | | 550.00 | 0.00 |
| 810. | | | | |
| 811. | | | | |
| 900. | **ITEMS REQUIRED BY LENDER TO BE PAID IN ADVANCE** | | | |
| 901. | Interest from 05/05/2006 to 06/01/2006 @ $70.15 per day PREMIUM CAPITAL FUNDING | | 1,894.05 | 0.00 |
| 902. | Mortgage Insurance Premium | | | |
| 903. | Hazard Insurance Premium to FOREMOST INSURANCE COMPANY | | 2,795.00 | 0.00 |
| 904. | | | | |
| 905. | | | | |
| 1000. | **RESERVES DEPOSITED WITH LENDER FOR** | | | |
| 1001. | Hazard Insurance | | | |
| 1002. | Mortgage Insurance | | | |
| 1003. | City Property Tax | | | |
| 1004. | County Property Tax | | | |
| 1005. | School Taxes | | | |
| 1006. | | | | |
| 1007. | | | | |
| 1008. | | | | |
| 1009. | Aggregate Analysis Adjustment | | | |
| 1100. | **TITLE CHARGES** | | | |
| 1101. | Settlement or closing fee to ACRANET | | 638.00 | |
| 1102. | Abstract or title search | | | |
| 1103. | Title examination | | | |
| 1104. | Title Insurance binder | | | |
| 1105. | Document Preparation to ACRANET MORTGAGE SETTLEMENT SOLUTIONS | | 125.00 | 0.00 |
| 1106. | Notary fees to ACRANET MORTGAGE SETTLEMENT SOLUTIONS   POC-B   150.00 | | 0.00 | 0.00 |
| 1107. | Attorney's fees | | | |
| 1108. | Title Insurance | | | |
| 1109. | | | | |
| 1110. | | | | |
| 1111. | Arbitration to ACRANET | | 25.00 | |
| 1112. | Environmental Protection Lien to ACRANET | | 25.00 | |
| 1113. | Other to ACRANET | | 25.00 | |
| 1200. | **GOVERNMENT RECORDING AND TRANSFER CHARGES** | | | |
| 1201. | Recording Fees Deed $105.00 Mortgage $120.00 Rockland County Clerk | | 225.00 | 0.00 |
| 1202. | City/County tax/stamps Mortgage ######## Rockland County Clerk | | 3,645.60 | 0.00 |
| 1203. | State tax/stamps | | | |
| 1204. | Transfer Tax fee to Rockland County Clerk | | | |
| 1205. | Tax Stamps paid by lender to Rockland County Clerk   POC-L   868.00 | | 0.00 | 1,736.00 |
| 1300. | **ADDITIONAL SETTLEMENT CHARGES** | | 0.00 | 0.00 |
| 1301. | Survey | | | |
| 1302. | Pest Inspection | | | |
| 1303. | Variable Rate Endorsement to ACRANET | | 25.00 | |
| 1304. | Comprehensive Endorsement to ACRANET | | 222.66 | |
| 1305. | Judgment Search Fee to ACRANET | | 450.00 | |
| 1306. | Basic Loan Premium to ACRANET | | 467.00 | |
| 1307. | Basic Owners Premium to ACRANET | | 2,826.76 | |
| 1308. | | | | |
| 1400. | **TOTAL SETTLEMENT CHARGES** | | -84,388.69 | 8,828.76 |
| | | | -70,671.39 | 10,585.76 |

HUD CERTIFICATION OF BUYER AND SELLER

I have carefully reviewed the HUD-1 Settlement Statement and to the best of my knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on my account or by me in this transaction. I further certify that I have received a copy of the HUD-1 Settlement Statement.

_Dennise L. Willis_
DENNISE WILLIS
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

WARNING: IT IS A CRIME TO KNOWINGLY MAKE FALSE STATEMENTS TO THE UNITED STATES ON THIS OR ANY SIMILAR FORM. PENALTIES UPON CONVICTION CAN INCLUDE A FINE AND IMPRISONMENT. FOR DETAILS SEE: TITLE 18 U.S. CODE SECTION 1001 AND SECTION 1010.

The HUD-1 Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

U.S.DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT    File Number: 9591113999    FINAL    PAGE 3
SETTLEMENT STATEMENT    REV.HUD-1(3/86)    Printed on 4/6/2006

| 1600. | SCHEDULE OF DISBURSEMENTS | BUYER | SELLER |
|---|---|---|---|
| 1601. | | | |
| 1602. | | | |
| 1603. | shipping fee  ACRANET MORTGAGE SETTLEMENT SOLUTIONS | 0.00 | 50.00 |
| 1604. | Wire fee  ACRANET MORTGAGE SETTLEMENT SOLUTIONS | 0.00 | 35.00 |
| 1605. | CASH FROM 2ND CLOSING  ACRANET MORTGAGE SETTLEMENT SOLUTIONS | -84,380.00 | 0.00 |
| 1606. | DELINQUENT TAXES ROCKLAND COUNTY COMMISIONER | 0.00 | 6,744.76 |
| 1607. | | | |
| 1608. | | | |
| 1609. | | | |
| 1610. | | | |
| 1611. | | | |
| 1612. | | | |
| 1613. | | | |
| 1614. | | | |
| 1615. | | | |
| 1616. | | | |
| 1617. | | | |
| 1618. | | | |
| 1619. | | | |
| 1620. | TOTAL DISBURSED TO OTHERS | 333,471.49 | 85.00 |

# EXHIBIT C

This instrument was drafted by:
Peter Stern, Esq.
2700 E. Sunset Road
Las Vegas, Nevada 89120
After Recording Mail To:
Bennie Willis
28 Terri Lee Lane
New Hempstead, New York 10977
TAX MAP DESIGNATION
Dist.:            Sect 42.10

Blk: 1            Lot(s): 4
Town Of          Ramapo
County Of        Rockland
Tax Account No.: 10.0-13-E4.0

## WARRANTY DEED with FULL COVENANTS
### TITLE OF DOCUMENT

THIS INDENTURE, made the 5th day of May 20 06
BETWEEN Richard F. Rovegno and Laura J. Rovegno, husband and wife, whose post office address is 28 Terri Lee Lane, New Hempstead, New York 10977, party of the first part, and Bennie Willis, a single man, whose post office address is 28 Terri Lee Lane, New Hempstead, New York 10977, party of the second part.

WITNESSETH, that the party of the first part, FOUR HUNDRED THIRTY-FOUR THOUSAND AND NO/100 DOLLARS ($434,000.00), paid by the party of the second part does hereby grant and release unto the party of the second part, the heirs or successors and assigns of the party of the second part forever,

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being described as follows:

VILLAGE OF NEW HEMPSTEAD, TOWN OF RAMAPO, COUNTY OF ROCKLAND AND STATE OF NEW YORK, KNOWN AND DESIGNATED AS LOT NO. 4 IN BLOCK E ON A CERTAIN MAP ENTITLED "MAP OF FLAMINGO ACRES, SUBDIVISION, OWNER JACOB LANDA, TOWN OF RAMAPO, NEW YORK, DATED JUNE 1962" AND FILED IN THE ROCKLAND COUNTY CLERK'S OFFICE ON OCTOBER 2, 1962 IN BOOK 65 OF MAPS AT PAGE 31 AS MAP NO. 3040.

BEING also known as: 28 Terri Lee Lane, New Hempstead, New York 10977

Being the same property conveyed to Richard F. Rovegno and Laura J. Rovegno, husband and wife by Deed from Mark Metzler of record in Book _____ Page _____ as Docket or Instrument No. _____, said County Clerk's Office.

Tax Account No.: 10.0-13-E4.0

Subject To: Covenants, conditions, reservations, limitations, easements and agreements of record, if any, and to all applicable zoning ordinances and/or governmental restrictions, if any.

TOGETHER with all right, title and interest, if any, of the party of the first part in and to any streets and roads abutting the above described premises to the center lines thereof; TOGETHER with the appurtenances and all the estate and rights of the party of the first part in and to said premises; TO HAVE AND TO HOLD the premises herein granted unto the party of the second part, the heirs or successors and assigns of the party of the second part forever.

AND the party of the first part covenants as follows: that said party of the first part is seised of the said premises in fee simple, and has good right to convey the same; that the party of the second part shall quietly enjoy the said premises; that the said premises are free from encumbrances, except as aforesaid; that the party of the first part will execute or procure any further necessary assurance of the title to said premises; and that said party of the first part will forever warrant the title to said premises.

The word "party" shall be construed as if it read "parties" whenever the sense of this indenture so requires.

In witness thereof, the party of the first part has duly executed this deed the day and year first above written:

_____          _____
Richard F. Rovegno                              Laura J. Rovegno

State of _New York_
County of _Rockland_                    ss.

On the _6_ day of _May_____, in the year 20_06_, before me, the undersigned, a Notary Public in and for said State, personally appeared Richard F. Rovegno and Laura J. Rovegno personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.
NOTARY STAMP/SEAL

**JON S. PALLAK**
Notary Public, State of New York
No. 01PA6115536
Qualified in Orange County
Certificate filed Rockland County
Term Expires Sept. 22, 2007

_____
Signature and Office of Individual Taking Acknowledgement
MY Commission Expires: _Sept 22 2007_

TO BE USED ONLY WHEN THE ACKNOWLEDGMENT IS MADE OUTSIDE NEW YORK STATE

State (or District of Columbia, Territory, or Foreign Country) of _____    ss.:

On the _____ day of _____ in the year 20____, before me, the undersigned, a Notary Public in and for said State, personally appeared Richard F. Rovegno and Laura J. Rovegno personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument, and that such individual made such appearance before the undersigned in the _____
in _____
    (Insert the State or Country or other place the acknowledgment was taken)    (Insert the City or other political subdivision)
NOTARY STAMP/SEAL

_____
Signature and Office of Individual Taking Acknowledgement
MY Commission Expires: _____

# EXHIBIT D



## Waiver of Title Insurance (Owner's Policy)

I/we, has/have been advised that I/we have the right to purchase an
Owner's Policy of Title Insurance covering the real property in addition to
the Lender Policy of Title Insurance that is being provided to my mortgage
company.

I have also been advised of the additional cost to me of obtaining such
insurance and that such insurance would protect me in the event of a
defect in the title to the aforesaid real estate.

By signing this Waiver I do hereby decline to purchase an Owner's Policy
of Title Insurance covering my interest in the aforesaid property.

I understand that the policy of title insurance issued to the lender in this
transaction does not and will not benefit me, or insure me in the event
there is a defect in title to the aforesaid property.

I agree to indemnify and hold harmless the Title Insurance Company
named in the Commitment for Title Insurance, and its agent, ACRAnet
Mortgage Settlement Solutions, LLC, for any liability to me directly,
financial or otherwise.

I acknowledge that I have no right of indemnification against the title
insurance company or ACRAnet Mortgage Settlement Solutions, LLC under
the Lender's Policy of Title Insurance.

_____        _____
Borrower                                Borrower

IN WITNESS WHEREOF, the Affiant has affixed his/her signature(s) and
seal(s) this

_5th_ day of _May_ , _2006_

_____(SEAL) (Notary signature and seal)

**EXHIBIT E**

**FOREMOST®**
INSURANCE COMPANY
Home Office
5600 Beech Tree Lane
P.O. Box 2450
Caledonia, Michigan 49316

**FOREMOST CLASSIC CL HOMEOWNERS
DECLARATIONS PAGE**

AMENDED DECLARATION * EFFECTIVE 08/01/06
SUPERSEDES ANY PREVIOUS DECLARATION PAGE BEARING
THE SAME POLICY NUMBER FOR THIS POLICY PERIOD.
REASONS FOR CHANGE FOLLOW:
- INFORMATION REGARDING A MORTGAGEE WAS CHANGED

**POLICY NUMBER:**  381-0066577448-01
**RENEWAL OF:**
**POLICY PERIOD BEGINNING** 05/03/06  **ENDING** 05/03/07   12:01 A.M. STANDARD TIME

### YOU AS NAMED INSURED AND YOUR ADDRESS

BENNIE WILLIS
PO BOX 83
WESTERN GROVE AR 72685-0083

### YOUR POLICY IS SERVICED BY

THE DEVINE AGENCY, INC.
PO BOX 879
NEW PALTZ NY 12561-0879

**AGENCY CODE:**
319346999

**TELEPHONE:**
(845) 255-7806

**COVERAGES:** Coverage is provided only where a specific premium charge is shown below or where shown as included without specific charge either below or in your policy. Detailed descriptions and any limitations will be found in your policy.

### LOCATION # 1

### IMPORTANT RATING INFORMATION

**PREMISES DESCRIPTION:**  28 TERRI LEE LN
SPRING VALLEY NY 10977-1424

| | | | | | |
|---|---|---|---|---|---|
| **CONSTRUCTION:** | FRAME | **TERRITORY:** | D | **YR. BUILT:** | 1964 |
| **FAMILIES:** | 1 | **PROT. CLASS:** | 5 | **FORM:** | HO |
| **OCCUPANCY:** | SEASONAL | **RESP. FIRE DEPT.:** | | | |
| **HYDRANT:** | WITHIN 1,000 FEET | **COUNTY:** | ROCKLAND | | |
| **FIRE DEPT.:** | WITHIN 5 MILES | | | | |

### MORTGAGEE #1

**LOAN NO.:** 20785432
CHASE HOME FINANCE
ISAOA/ATIMA
PO BOX 81507
ATLANTA GA 30366-1507

### MORTGAGEE #2

**LOAN NO.:**
PREMIUM CAPITAL FUNDING LLC
ISAOA
125 JERICHO TPKE
JERICHO NY 11753-1049

| SECTION I COVERAGES | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| A.  DWELLING | $  434,000 | | $  2,746.00 |
| B.  OTHER STRUCTURES | $  43,400 | | INCLUDED |

INSURER COPY

| | | | |
|---|---|---|---|
| C.  PERSONAL PROPERTY | $ 217,000 | | INCLUDED |
| D.  ADDITIONAL LIVING EXPENSE | $ 86,800 | | INCLUDED |

SECTION I LOSSES ARE SUBJECT TO A DEDUCTIBLE OF:       $500 ALL PERILS

| SECTION II COVERAGES | AMOUNT OF INSURANCE | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| E.  COMP PERSONAL LIABILITY | $   500,000 EA ACCIDENT | | INCLUDED |
| F.  MEDICAL PAYMENTS | $     1,000 EA PERSON | | INCLUDED |

| FORMS/ENDORSEMENTS THAT APPLY TO LOCATION # 1 | | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|---|
| 5257  05/99 | HOMEOWNERS POLICY – CLASSIC CL | | |
| 5043  04/02 | REQUIRED CHANGE – NEW YORK | | |
| 6969  11/99 | WORKERS' COMPENSATION – NEW YORK | | |

| DISCOUNTS/SURCHARGES THAT APPLY TO LOCATION # 1 | ADD'L/RETURN PREMIUM | ANNUAL PREMIUM |
|---|---|---|
| SWIMMING POOL SURCHARGE | | $      50.00 |

|  |  |  |
|---|---|---|
| LOCATION # 1    Annual Premium | $ | 2,796.00 |
| LOCATION # 1    Additional Premium | $ | 0.00 |

| | | |
|---|---|---|
| TOTAL ANNUAL POLICY PREMIUM | $ | 2,796.00 |
| ADDITIONAL PREMIUM RESULTING FROM THIS CHANGE | $ | 0.00 |

MINIMUM EARNED PREMIUM $250

THIS DECLARATIONS PAGE WITH YOUR FOREMOST POLICY PROVISIONS AND ANY ENDORSEMENTS ISSUED TO FORM A PART THEREOF COMPLETES THE ABOVE NUMBERED POLICY.

Processed: August 31, 2006

EXHIBIT F



113 Technology Drive
Pittsburgh, PA 15275
800-324-2842 Ext 8247
Fax 703-272-0139
Cell: 412-779-4019
Email: tsomerville@lendserv.com

3-16-07

Bennie Willis
PO Box 83
Western Grove, AR 72685

RE: Purchase transaction\Ravegno

Mr. Willis,

Per our conversation, in order to record all necessary documents, I need you to re-execute the mortgage for me as the original is missing. Enclosed please find a mortage that I need you to take to a notary to sign and have notarized. If you incur any fees for the notary work please feel free to send the receipt back with the original document and I will be happy to reimburse you for this. I have enclosed a self addressed, prepaid Fed Ex envelope to return the original mortgage to me in. Please execute this as soon as possible so we can resolve all the issues on this transaction. Should you have any questions, my contact information is above. Thank you in advance for your cooperation with this urgent matter.

Best Regards,

Tricia Somerville
Closing Manager

# EXHIBIT G

**Purchase Agreement**

Prudential
Rand Realty

☐ New City Office: 269 South Main Street, New City, N.Y. 10956 Tel: 845-634-4600 Fax 845-634-4697
☒ Nanuet Office: 66 South Middletown Road, Nanuet, N.Y. 10954 Tel: 845-624-5100 Fax 845-624-5167
☐ Nyack Office: 46 South Broadway, Nyack, N.Y. 10960 Tel: 845-708-6206 Fax 845-708-4216
☐ Tarry Town Office: 17 East Central Avenue, Pearl River, N.Y. 10965 Phone 845-469-1900 Fax: 845-547-1515
☐ North Rockland Office: 164 South Liberty Drive (Route 9W), Stony Point, N.Y. 10980 Phone 845-547-4900 Fax 845-547-6699
☐ Suffern Office: 164 Lafayette Avenue (Route 59) Suffern, N.Y. 10901 Tel 845-347-4900 Fax 845-357-6699

3/27, 02

PURCHASERS   NAME  WALES CORLEY ROSELAND CORP / YEHUDA FRANK
             ADDRESS  1 JACKSON AVE SPRING VALLEY N.Y. 10977
             TELEPHONE NO.  845-494-0573

SELLERS      NAME
             ADDRESS
             TELEPHONE NO.

PROPERTY ADDRESS       # 28 Terri LeClare , New Hempstead

1. TOTAL PRICE:        375,000.00
                   a.  27,500.00
                   b.  N/A          by the purchasers to obtain in a mortgage.
                   c.  347,500.00   by cash, bank check, upon closing of title.

2. ADJUSTMENTS:

3. PERSONAL PROPERTY:
   SELLERS INSURANCE COMPANY WILL REMOVE THE
   BURNT STRUCTURE

4. CLOSING OF TITLE:   Closing of title to take place on or about  MARCH - 29   02

5. BROKER:

6. LEAD DISCLOSURE:

7. PRESENTATION:       ☐ This offer is to be presented personally by the Buyer's Agent from Prudential Rand Realty to the Seller

8. CONTINGENCIES:      ☒ a. Attorney
                       ☐ b. Inspection
                       ☐ c. Mortgage Contingency

9. NOTES:

X  WALES CORLEY ROSELAND CORP
          Purchaser
BY: YEHUDA FRANK
          Purchaser
   Dean M. Stein
          Purchaser
BUYER ATTORNEY  DONALD TIRSCHWELL
ADDRESS:  108 NEW HEMPSTEAD ROAD
          NEW CITY N.Y. 10956
PHONE:  634-4887   FAX  634-6968

SELLER
SELLER
Seller's Agent
SELLER ATTORNEY:
ADDRESS:
PHONE:              FAX:

Lisa Kaplan
973-394-5831

# Certificate of Insurance

**ZURICH**

Policy Number:        EOC 5876619-01
Certificate Number:   T1398801

## Title Agents, Abstractors and Escrow Agents Errors and Omissions Liability Insurance Policy

This is a Claims Made and Reported Policy. Please review this policy carefully. The policy is limited to liability for only those Claims that are first made and reported to the Company during the Policy Period set forth in the Certificate of Insurance, or any optional extended reporting period, if applicable.

| | |
|---|---|
| **Item 1.** Insured by the stock company below and hereinafter called the Company | |
| Zurich American Insurance Company | |

**Item 2.** Named Certificate Holder and Address

ACRANET MORTGAGE SETTLEMENT SOLUTIONS LLC
113 TECHNOLOGY DR.
PITTSBURGH PA 15275

| | |
|---|---|
| **Item 3.** Policy Period<br><br>From 6/7/2005 TO 6/7/2006<br><br>12:01 A.M. Standard Time at the address of the Named Insured as stated herein. | **Item 4.** Limit of Liability<br>Each Claim       $ 1,000,000<br>Aggregate       $ 1,000,000<br><br>**Item 5.** Deductible       $5,000.00 |
| **Item 6.** Premium       $6,322.00 | **Item 7.** Retroactive Date  6/7/2004 |

**Item 8.** Forms Attached at Insurance
U-TPL-124-A-PA(3/04) U-TPL-106-A-CW(8/03) U-TPL-117-A-CW(1/04) U-TPL-105-A-CW(8/03) U-TPL-101-A-CW(8/03) U-PDO-101-A-CW(5/03) U-TPL-123-A-PA(3/04)

This Certificate of Insurance is issued off the Master Policy held by the Members of the Title Agents of America Purchasing Group. By acceptance of this policy the Certificate Holder agrees that the statements in the certificate and the application and any attachments hereto are the Certificate Holder's agreements and representations and that this policy embodies all agreements existing between the Certificate Holder and the Company or any of its representatives relating to this insurance.

Notice to the Company:    Zurich North America-Specialties Claims
                          Attn: Professional Liability Claim Department
                          P.O. Box 307010
                          Jamaica, New York 11430-7010

Issue Date    6/14/2005

Authorized Representative _____    Date 6/14/2005

INSURED COPY

U-TPL-106-A CW (08/03)

PAGE 8/106 * RCVD AT 5/2/2006 12:03:45 PM [Eastern Daylight Time] * SVR:RIGHTFAX1/2 * DNIS:7300 * CSID: * DURATION (mm-ss):30-54

PAGE 13/17 * RCVD AT 4/3/2007 10:17:51 AM [Eastern Daylight Time] * SVR:RIGHTFAX1/0 * DNIS:7206 * CSID: * DURATION (mm-ss):02-56

Docket No.

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

BENNIE WELLS

Plaintiff

- against -

LANDAMERICA ONESTOP, INC. d/b/a LAWYERS TITLE SERVICES COMPANY, INC. and/or LAWYERS TITLE INSURANCE CORPORATION, ACRE MORTGAGE SETTLEMENT SOLUTIONS, LLC, d/b/a ORANGE LENDING, RICHARD ROVEGNO and LAURA ROVEGNO

Defendants

COMPLAINT

KEVIN T. MULHEARN, P.C.
Attorneys for Plaintiff
60 Dutch Hill Road, Suite 8
Orangeburg, New York 10962
(845) 398-0361

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information and belief and reasonable inquiry, the contentions contained in the annexed document are not frivolous.

Dated: May [illegible], 2007 Signature ........

Print Signer's Name: KEVIN T. MULHEARN