WILSON, ELSER, MOSKOWITZ,
   EDELMAN & DICKER LLP
150 East 42nd Street
New York, New York 10017-5639
(212) 490-3000
*Attorneys for Defendant Acranet*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BENNIE WILLIS,<br><br>                        Plaintiff,<br><br>- against -<br><br>LANDAMERICA ONESTOP, INC., d/b/a LAWYERS TITLE SERVICES COMPANY, INC., and/or LAWYERS TITLE INSURANCE CORPORATION, ACRANET MORTGAGE SETTLEMENT SOLUTIONS, LLC, d/b/a ACRANET LENDSERVE, RICHARD ROVEGNO, and LAURA ROVEGNO,<br><br>                        Defendants. | 07 CV 3646 (SCR)<br><br>**ANSWER** |

      Defendant ACRANET MORTGAGE SETTLEMENT SOLUTIONS, LLC, d/b/a ACRANET LENDSERV, ("ACRANET"), by its attorneys Wilson, Elser, Moskowitz, Edelman & Dicker LLP, answers the complaint of Bennie Willis ("Plaintiff"), dated May 2, 2007, as follows:

      1.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "1."

      2.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "2."

      3.     Denies the allegations set forth in paragraph "3."

2870193.1

4. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "4."

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "5."

6. Neither admits nor denies the allegations set forth in paragraph "6," and leaves all questions of law to the Court.

7. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "7."

8. Neither admits nor denies the allegations set forth in paragraph "8," and refers the Court to Exhibit A of the complaint for the contents therein.

9. Denies the allegations set forth in paragraph "9."

10. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "10."

11. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "11."

12. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "12."

13. Neither admits nor denies the allegations set forth in paragraph "13," and leaves all questions of law to the Court.

14. Neither admits nor denies the allegations set forth in paragraph "14," and leaves all questions of law to the Court.

15. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "15."

16. Admits the allegations set forth in the first sentence of paragraph "16," and neither admits nor denies the second sentence of paragraph "16" and leaves all questions of law to the Court.

17. Denies the allegations set forth in paragraph "17."

18. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "18."

19. Neither admits nor denies the allegations in paragraph "19" and refers the Court to the documents annexed at Exhibits C and D to the Complaint for the content therein.

20. Admits the allegations set forth in the first sentence of paragraph "20" and denies the allegations set forth in second sentence paragraph "20."

21. Admits the allegations set forth in paragraph "21."

22. Denies the allegations set forth in paragraph "22."

23. Denies the allegations set forth in paragraph "23."

24. Denies the allegations set forth in paragraph "24."

25. Neither admits nor denies the allegations set forth in paragraph "25," and leaves all questions of law to the Court.

26. Neither admits nor denies the allegations set forth in paragraph "26," and leaves all questions of law to the Court.

27. Denies the allegations set forth in paragraph "27."

28. Denies the allegations set forth in paragraph "28."

29. Denies the allegations set forth in paragraph "29."

30. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "30," and refers the Court to Exhibit E of the Complaint for the content therein.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "31."

32. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "32."

33. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "33."

34. Admits that on or about March 13, 2007, plaintiff contacted the defendant.

35. Admits that defendant sent a letter to plaintiff on or about March 16, 2007 (a copy of which appears to be annexed to the Complaint as Exhibit F). The Court is respectfully referred to Exhibit F for the content therein.

36. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "36."

37. Denies the allegations set forth in paragraph "37."

38. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "38."

39. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph "39."

## ANSWER TO THE FIRST CLAIM

40. Acranet repeats and realleges each and every response contained in paragraphs "1" through "39" with the same force and effect as if fully set forth herein.

41. Denies the allegations set forth in paragraph "41."

42. Denies the allegations set forth in paragraph "42."

43. Denies the allegations set forth in paragraph "43."

44. Denies the allegations set forth in paragraph "44."

45. Denies the allegations set forth in paragraph "45."

## ANSWER TO THE SECOND CLAIM

46. Acranet repeats and realleges each and every response contained in paragraphs "1" through "45" with the same force and effect as if fully set forth herein.

47. Denies the allegations set forth in paragraph "47."

48. Denies the allegations set forth in paragraph "48."

49. Denies the allegations set forth in paragraph "49."

50. Denies the allegations set forth in paragraph "50."

51. Denies the allegations set forth in paragraph "51."

## ANSWER TO THE THIRD CLAIM

52. Acranet repeats and realleges each and every response contained in paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53. Denies the allegations set forth in paragraph "53."

54. Denies the allegations set forth in paragraph "54."

55. Denies the allegations set forth in paragraph "55."

## ANSWER TO THE FOURTH CLAIM

56. Neither admits nor denies the allegations set forth in paragraph "56" as it is not alleged against Acranet.

57. Neither admits nor denies the allegations set forth in paragraph "57" as it is not alleged against Acranet.

58. Neither admits nor denies the allegations set forth in paragraph "58" as it is not alleged against Acranet.

2870193.1

- 6 -

## FIRST AFFIRMATIVE DEFENSE

59. Plaintiff's claims are barred in whole or in part because the Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

60. Plaintiff's claims are barred in whole or in part because Plaintiff's loss or damage, if any, was caused in whole or in part by the acts or omissions of one or more third parties not under the control of Acranet.

## THIRD AFFIRMATIVE DEFENSE

61. Whatever injuries and/or damages were sustained by the Plaintiff, as alleged in the Complaint, were in whole or in part the result of Plaintiff's own culpable conduct.

## FOURTH AFFIRMATIVE DEFENSE

62. If any damages were sustained by the Plaintiff as alleged in the Complaint, which damages are expressly denied, all such damages have been caused and brought about in whole or in material part by the affirmative wrongdoing, negligence, or want of care and other culpable conduct and/or comparative negligence of the Plaintiff and/or persons under the Plaintiff's control, without similar acts of Acranet contributing thereto, and as a consequence thereof the Plaintiff's damages should be reduced by the proportion of the Plaintiff's culpable conduct which caused the alleged damages.

## FIFTH AFFIRMATIVE DEFENSE

63. Plaintiff's claims are barred in whole or in part due to a lack of privity.

## SIXTH AFFIRMATIVE DEFENSE

64. This Court lacks subject matter jurisdiction over this action.

2870193.1

WHEREFORE, Defendant Acranet demands judgment dismissing Plaintiff's Complaint, and each and every request for relief set forth therein, and granting Acranet such other and further relief as this Court deems just and proper, including fees, costs and disbursements.

Dated: New York, NY
July 5, 2007

                                      WILSON, ELSER, MOSKOWITZ,
                                      EDELMAN & DICKER LLP

By: _____
       Thomas W. Hyland
       Brett A. Scher
       Justin R. Leitner
       150 East 42nd Street
       New York, New York 10017-5639
       (212) 490-3000
       Our File No. 01224.00580

*Attorneys for Defendant Acranet*