UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                              :
BENNIE WILLIS,                                :
                                              :
        Plaintiff,                            :
                                              :
    -against-                                :
                                              :
LANDAMERICA ONESTOP, INC., d/b/a              :    07 Civ. 3646 (SCR)
LAWYERS TITLE SERVICES COMPANY,               :
INC., and/or LAWYERS TITLE                    :    **STIPULATED PROTECTIVE ORDER**
INSURANCE CORPORATION, ACRANET                :
MORTGAGE SETTLEMENT SOLUTIONS,                :
LLC, d/b/a ACRANET LENDSERV,                  :
RICHARD ROVEGNO and LAURA                     :
ROVEGNO,                                      :
                                              :
        Defendants.                          :
------------------------------------------------------------X

        WHEREAS, the parties hereto have requested that the Court issue a protective order to protect the confidentiality of non-public and sensitive financial and other information that may need to be disclosed to adversary parties in connection with discovery in this action, and having stipulated to the entry of an order in the form of this Order, and the Court having found good cause for the issuance of a confidentiality order,

        IT IS HEREBY ORDERED THAT:

1. A party may designate all or portions of any deposition transcript, information, materials or documents produced or furnished by that party pursuant to discovery or otherwise during the course of this litigation as "Confidential."

2. A designation of "Confidential" shall constitute a representation by the party and/or its counsel that they, in good faith, believe that the material so designated contains or constitutes at the time of the designation: (a) personally or financially sensitive

      information and/or other information of a non-public nature considered by the producing party to be sensitive, confidential and/or proprietary; or (b) other competitively sensitive or proprietary marketing, financial or commercial information.

3. Any document or transcript or portion thereof, whether an original or copy, including any exhibits, answers to interrogatories and other written discovery responses, as well as physical objects, recordings or things that any party deems to contain Confidential information shall be labeled by such party on each document or on such physical object with the designation "Confidential." In lieu of marking this notation on the originals of documents, the party may mark the copies that are produced. All Confidential information not reduced to documentary, tangible or physical form, or which cannot be conveniently labeled, shall be so designated by informing the recipients in writing that the information constitutes Confidential information. Data produced in electronic form may be designated as Confidential information if the supplying party identifies the applicable designation to be assigned to each electronic file.

4. Confidential information may be used only in connection with the prosecution or defense of this action and shall not be used for any other purpose whatsoever. Except to the extent it is disclosed at any stage of this action in open court or by any decision rendered by the Court, all Confidential information shall be kept by the other parties in this case in a confidential manner, and shall not be given, shown, disclosed, disseminated or described, directly or indirectly, to any person(s) other than those set forth in paragraph 5 hereof.

5. The following persons shall be the only persons (hereinafter "Qualified Persons") who will be permitted to have access to Confidential information:

   A. Counsel for the parties in this case, including both outside and in-house counsel and such lawyers' staff to whom it is necessary that materials be disclosed for purposes of this litigation, including secretaries, paralegals and document clerks;

   B. Each individual who is a party, and any director, officer, or employee of a party;

   C. Independent experts or consultants retained by counsel for the purpose of assisting in this litigation, but only to the extent necessary for such expert or consultant to perform his assigned tasks in connection with this litigation;

   D. Any third-party witness in preparation for their deposition or testimony at trial or a hearing in this litigation;

   E. As to any document, its author, addressee, and any other person indicated on the face of the document as having received a copy;

   F. The Court and its personnel; and

   G. Court reporters or stenographers.

6. All persons receiving any Confidential information under paragraphs 5(c) or (d) shall sign Non-Disclosure Acknowledgments in the form annexed hereto. Counsel for each party shall maintain copies of all such signed Non-Disclosure Acknowledgments.

7. A party may designate some or all of the transcript of a deposition as Confidential by indicating on the record at the deposition that the testimony contains or reflects Confidential information or by notifying all parties in writing, within 10 days of receipt of the transcript, of the specific pages and lines of the transcript which are Confidential.

Each deposition shall be treated as Confidential information for a period of 10 days after a full and complete transcription of such deposition is available.

8.  A receiving party's agreement to treat designated material as Confidential shall not be construed as an admission or agreement by that party that the designated information is properly designated as Confidential.

9.  In the event that a party inadvertently fails to stamp or otherwise designate a document or other information as Confidential at the time of its production, that party may thereafter as soon as practicable designate the document or other information as Confidential. The party receiving such subsequent designation shall use its best efforts to give notice thereof to each person, if any, to whom the previously undesignated document or other information was in the interim disclosed, shall diligently attempt to retrieve all copies of the documents or information distributed to persons other than Qualified Persons, and thereafter such document or information shall be subject to the provisions of this Order.

10. Within sixty (60) days after the final conclusion of this litigation, including all appeals, the parties shall destroy all originals and/or copies of each document or object that another party has designated as Confidential, and shall provide the opposing party a letter from counsel confirming the destruction; provided, however, that counsel may retain their attorney work product and all court-filed documents even though they contain or describe Confidential Information. In the alternative, the Confidential information may be returned to the party that designated it as Confidential.

11. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of Confidential information, the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, either

party may apply to the Court for an order determining whether the information is "Confidential." The party opposing the "Confidential" designation shall not oppose a motion by the producing party to have the information at issue filed with the Court under seal in order for the Court to resolve the matter. Pending the resolution of any such dispute, the parties agree to treat the information that is the subject of the dispute as designated by the supplying party.

12. Nothing shall prevent disclosures beyond the terms of this Order if the party that designated the information as Confidential consents to such disclosure, or if the Court, after notice to all affected parties, orders such disclosure.

13. If any person possessing Confidential information is subpoenaed in another action or proceeding or served with a document demand, and such subpoena or document demand seeks Confidential information, the person receiving the subpoena or document demand shall give prompt written notice to counsel for the party that produced the Confidential information and shall, to the extent permitted by law, withhold production of the subpoenaed material until any dispute relating to the production of such material is resolved.

14. This agreement shall only apply to pretrial proceedings and discovery and shall not affect the conduct of the trial. This agreement shall not govern the treatment of information, materials or documents designated as Confidential at trial. Such treatment shall be subject to subsequent Order of the Court.

15. The entry of this Protective Order does not prevent any party from seeking a further order of this Court pursuant to the Federal Rules of Civil Procedure and/or the Local Rules.

16. This Order may be executed by each party separately. Facsimile signatures shall be deemed as originals.

17. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

| Dated: New York, New York November 27, 2007 | LAW OFFICE OF DIANE McFADIN<br><br>By: /s/ Diane McFadin<br>Diane McFadin (DM-2381)<br>11 Broadway, Suite 715<br>New York, NY 10004<br>(646) 723-2757<br><br>*Attorneys for Plaintiff* |
|---|---|
| Dated: New York, New York November 9, 2007 | LOEB & LOEB LLP<br><br>By: /s/<br>David M. Satnick (DS-7251)<br>John A. Piskora (JP-1224)<br>345 Park Avenue<br>New York, NY 10154<br>(212) 407-4000<br><br>*Attorneys for Defendant Lawyers Title* |
| Dated: New York, New York November __, 2007 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br><br>By:_____<br>Brett A. Scher (BS-   )<br>150 East 42nd Street<br>New York, NY 10017<br>(212) 626-4100<br>(212) 310-1711<br><br>*Attorneys for Defendant Acranet* |

SO ORDERED:

_____
U.S.D.J.

16. This Order may be executed by each party separately. Facsimile signatures shall be deemed as originals.

17. This Protective Order shall continue in force until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

| Dated: New York, New York<br>November __, 2007 | LAW OFFICE OF DIANE McFADIN<br><br>By:_____<br>    Diane McFadin (DM-2381)<br>11 Broadway, Suite 715<br>New York, NY 10004<br>(646) 723-2757<br><br>*Attorneys for Plaintiff* |
|---|---|
| Dated: New York, New York<br>November 9, 2007 | LOEB & LOEB LLP<br><br>By:_____<br>    David M. Satnick (DS-7251)<br>    John A. Piskora (JP-1224)<br>345 Park Avenue<br>New York, NY 10154<br>(212) 407-4000<br><br>*Attorneys for Defendant Lawyers Title* |
| Dated: New York, New York<br>November 27, 2007 | WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP<br><br>By:_____<br>    Brett A. Scher (BS-___)<br>150 East 42nd Street<br>New York, NY 10017<br>(212) 626-4100<br>(212) 310-1711<br><br>*Attorneys for Defendant Acranet* |

SO ORDERED:

_____
    U.S.D.J.

6

NY686783.1

## NON-DISCLOSURE ACKNOWLEDGMENT

The undersigned has been provided with a copy of the foregoing Stipulated Protective Order, has had an opportunity to review it, and is fully familiar with all of its terms. By executing this Acknowledgment, the undersigned agrees to be bound by the terms of the Stipulated Protective Order.

_____

Print name: _____

Address: _____

_____

_____

Date signed: _____

7