LEVIN & CHETKOF, LLP
Michael G. Levin, Esq. (ML – 5441)
265 Post Avenue – Suite 290
Westbury, New York 11590
(516) 338-2888

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==================================X     Civil Action No.: 07-Cv-3646 (SCR)(MDF)

BENNIE WILLIS,

                Plaintiff(s)     ***ATTORNEY AFFIRMATION***
                                             ***IN FURTHER SUPPORT***
    -against-     ***OF MOTION TO VACATE***

LANDAMERICA ONESTOP, INC., d/b/a
LAWYERS TITLE SERVICES COMPANY, INC.,
and/or LAWYERS TITLE INSURANCE CORP.,
ACRANET MORTGAGE SETTLEMENT
SOLUTIONS, LLC d/b/a ACRANET LENDSERV,
RICHARD ROVEGNO and LAURA ROVEGNO,

                Defendant(s).

==================================X

      **MICHAEL G. LEVIN**, an attorney duly admitted to practice within the State of New

York and the United States District Court for the Southern District, hereby declares the following

under the penalties of perjury:

      1.    I am member in the Law Firm of LEVIN & CHETKOF, LLP, attorneys for the

Defendants RICHARD ROVEGNO and LAURA ROVEGNO (hereinafter collectively referred to as

the "ROVEGNO" defendants or the "ROVEGNOS") herein, and am fully familiar with the facts and

circumstances of this matter, based on the file maintained in our office and numerous conversations

and conferences with the Defendants.

      2.    This declaration is submitted in further support of defendants' motion to

vacate the partial default judgment pursuant to FRCP 55(c) and/or 60(b). It is also submitted in opposition to the undated Declaration of Diane McFadin (the "McFadin Declaration"); the Affidavit of Bennie Willis sworn to on June 11, 2008 (the "Willis Affidavit"); and the Affidavit of Terry Metheny sworn to on June 11, 2008 (the "Metheny Affidavit").

3.    At the outset, it should be noted that the plaintiff has unequivocally failed to demonstrate the existence of any prejudice in his opposition to the ROVEGNO'S motion. Indeed, plaintiff merely argues that the passage of time would create prejudice despite the abundance of case law to the contrary. Kowal v. Diamond Detective Agency, 2006 WL 278132 (W.D.N.Y.). Moreover, the plaintiff has similarly failed to provide any evidence refuting the ROVEGNO'S lack of willfulness or intent. S.E.C. v. McNulty, 137 F.3d 732, 738 (2d Cir. 1998). Counsel's contention that unrelated outstanding money judgments entered against the ROVEGNOS (McFadin Declaration; p. 4) somehow illustrates their willfulness and/or intent herein, is disingenuous since it is the existence of those judgments that made them susceptible to the offers of Mr. Willis and Mr. Metheny in the first place. As Mr. Rovegno stated in his supporting affidavit sworn to on May 24, 2008, the conversion of the ROVEGNOS' approximately $90,000.00 to $100,000.00, which sum was to be used to satisfy their debts, obviously led to further liens and/or judgments being entered against them.

4.    Plaintiff also conveniently ignores and/or attempts to shift to Mr. Metheny the problems caused by the meritorious defenses and counter-claims asserted by the ROVEGNOS in their proposed Answer (Rovegno Affidavit, Exhibit "E"). Plaintiff's meek attempt to distance himself from his son-in-law by simply stating, "I believe that any claims they may have against Mr. Metheny concerning those issues [claims of fraud] should be brought in a separate action", fails to recognize the loss of the ROVEGNOS' home and his relationship, both business and personal, with

2

Mr. Metheny and the asserted fraud.

5.     Instead, plaintiff has chosen to rely upon the self-serving Affidavit of Terry Metheny, an individual who would certainly benefit if the default is not vacated. For several reasons, Mr. Metheny's affidavit should not even be considered by this court. First, Mr. Metheny has failed and refused to respond to a document subpoena and/or demand for a deposition which would disclose documents and testimony relevant to this matter. Consequently, his scripted affidavit herein is of little import. Second, Mr. Metheny, despite claims made in his affidavit that he provided an accounting (Metheny Affidavit, ¶¶ 14, 18), has never provided such an accounting (see Rovegno Affidavit sworn to on May 24, 2008). The failure to attach this purported "accounting" to his affidavit as an exhibit is enlightening and casts doubts about his claim that the "accounting" actually exists. Third, his contention that the ROVEGNOS "modified" his e-mail lacks corroborating documentation (i.e. the unmodified copy of the e-mail) and defies belief. Neither Mr. Metheny, nor plaintiff, nor plaintiff's counsel offers any competent evidence of such a modification.

6.     Mr. Metheny's failure to submit the accounting, or respond to co-defendant's counsel's subpoena and demand for documents is set forth in the correspondence of Brett Scher, Esq., dated April 4, 2008 sent on behalf of defendant Acranet Mortgage Settlement Solutions, LLC d/b/a Acranet Lendserv. Annexed hereto as Exhibit "A" is a copy of Mr. Scher's correspondence dated April 4, 2008 with supporting documentation. It is respectfully submitted that Mr. Metheny's attempts to control this litigation from afar should be summarily dismissed.

7.     Mr. Metheny's affidavit, which is devoid of probative evidence, relies instead on a series of unsupported statements carefully designed to obfuscate the truth and avoid his inclusion as a party to this litigation. As stated above, Mr. Metheny failed to submit as an exhibit his "accounting"; his "un-modified" e-mail; or documents reflecting the rejection of the ROVEGNOS'

refinancing attempts (Metheny Affidavit, ¶ 6). Consequently, the Court should make short shrift of its content.

8.    Plaintiff Bennie Willis' affidavit is similarly unpersuasive. It neither illustrates the ROVGENOS' willfulness or intent nor provides evidence of the requisite prejudice.

9.    An examination of Mr. Willis' affidavit reveals a series of bald, conclusory allegations. A review establishes that Mr. Willis failed to offer any corroborating documentation supporting his contention that he was seeking to move to the "New York area". It is enlightening that Mr. Metheny completely ignores this claim in his accompanying affidavit. Further, Mr. Willis' claim that he was intending to move into a home that he had never visited also strains credulity (Willis Affidavit, ¶ 4).

10.    Additionally, Mr. Willis' claim that the ROVEGNOS stopped paying rent in December 2006 is similarly unsubstantiated and is devoid of any contemporaneous notice or default letters to the ROVEGNOS. Further, Mr. Willis' statement is patently false. Annexed hereto as Exhibit "B" is a copy of a bank check dated February 16, 2007, drawn to Mr. Willis' order in the sum of Three Thousand Two Hundred Dollars ($3,200.00) in payment of the February 2007 rent (mortgage payment).

11.    Both Mr. Willis' and Mr. Metheny's self-serving claims as to never having seen the Residential Lease Purchase Option Agreement (Rovegno Affidavit, Exhibit "A") defies belief. The document is written in the same font, wording and manner as the purportedly executed lease agreement (Rovegno Affidavit, Exhibit "D"), and contains the identical, separate signature page making it possible to simply switch the signature page from the document the ROVEGNOS signed, the Residential Lease Purchase Option Agreement, and the one plaintiff suggests was implemented (Rovegno Affidavit, Exhibit "D"). The ROVEGNOS further assert that the Residential

4

Lease Purchase Option Agreement was signed by them along with the other "closing" documents on

May 5, 2006 (Rovegno Affidavit, ¶ 11).

12.    Moreover, Mr. Willis' assertion that the lease was simply a "month to month"

lease is belied by the actual language contained in the very document. The option to remain in the

premises belonged solely to the ROVEGNOS. The language expressly states as follows:

> "This agreement renews each month when a payment is received on
> time or within the 10 day grace period." *(this language is included in
> both versions of the lease)*

Consequently, the ROVEGNOS controlled the lease term and, if in fact, each payment was made

when due (or within the grace period), the lease would never end. Thus, Mr. Willis' claim that he

intended to move into the premises is utterly fantastic and unsupportable.

13.    The plaintiff's attempt to undermine the insurance claim issue is nothing but a

red herring designed to cloud over his failure to negate the appropriateness of a vacatur. As a result,

there is no reason to address the individual paragraphs herein. However, the merit of the

ROVEGNOS' claim resides in the May 4, 2006 e-mail (Rovegno Affidavit, Exhibit "B") and various

telephone calls that confirmed that the ROVEGNOS were paying for insurance. There would, of

course, be no reason for them to have paid the insurance premium solely to protect Mr. Willis'

interest in the premises. This is just another misrepresentation that Mr. Metheny and his father-in-

law, Bennie Willis, fed to the ROVEGNOS.

14.    Lastly, counsel for plaintiff concedes that she never sent a default notice to the

ROVEGNOS prior to moving for the partial default. While such a notice is not necessarily

determinative, the Court should acknowledge plaintiff's counsel's failure when dealing with pro se

defendants.

15.    The remainder of Mr. Willis' affidavit deals with his claims as against co-

defendants "Acranet" and "Lawyers Title" and has no bearing on the ROVEGNOS' motion to vacate the partial default judgment.

16.    Based upon the foregoing, the ROVEGNOS respectfully submit that they have satisfied their burden of showing lack of willfulness/intent; lack of prejudice and meritorious defenses and counter-claims (Rovegno Affidavit, Exhibit "E").

**WHEREFORE**, it is respectfully requested that this Court issue an order pursuant to FRCP 55(c) and/or 60(b)(6) vacating the default judgment entered as against RICHARD ROVEGNO and LAURA ROVEGNO, and for such other and further relief as the court deems just and proper.

Dated: Westbury, New York
     June 18, 2008


                                   MICHAEL G. LEVIN (ML-5441)


GL\ROVEGNO\GL 18050\LEGAL\REPLY ATTY-AFF

6

# EXHIBIT A

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639

Tel: 212.490.3000    Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

April 4, 2008

**VIA FED EX**

Hon. Mark D. Fox
United States District Courthouse
300 Quarropas Street
White Plains, NY 10601

> Re:    Bennie Willis v. Landamerica Onestop, Inc., et al.
> Case No.                :    07 CV 3646 (SCR)
> Our File No.            :    01224.00580

Dear Judge Fox:

We represent Acranet Mortgage Settlement Solutions, LLC d/b/a Acranet Lendserv ("Lendserv") with respect to the above-captioned matter. We write to the Court in response to the March 26, 2008 letter motion filed by counsel for the non-party movant, Terry Metheny, seeking to quash a subpoena that seeks documents and testimony from Mr. Metheny with respect to this action.

We respectfully request that Mr. Metheny's application be denied in all respects. In the first instance, pursuant to this Court's directives, discovery in this matter is stayed pending the *pro se* defendants', Laura and Richard Rovegno's, attempt to retain counsel to represent them. As we are confident that the Rovegnos would like to be heard on Mr. Metheny's attempt to avoid disclosure on key documents and testimony in this litigation, we believe it is improper for the application to proceed until the 30-day stay on discovery has lapsed.

Second, Mr. Metheny's counsel has failed to comply with Your Honor's Individual Practices (specifically, Rule 2A), requiring a pre-motion conference before engaging in motion practice. Accordingly, the application should be denied on this basis alone.

Third, and if the Court is going to consider Mr. Metheny's application on the merits, we request that it be denied as it is clearly an attempt by the plaintiff and Mr. Metheny, who just coincidentally is the plaintiff's son-in-law, to stonewall discovery of critical documents and information. Mr. Metheny's testimony and documents are critical to this case.

We are troubled by the fact that Mr. Metheny, as a purported non-party, is attempting to dictate what is relevant in this case. Although Mr. Metheny argues (based upon what knowledge we do not know) that this case simply involves the defendants' alleged failure to file a deed or

Hon. Mark D. Fox
Case No.: 07 cv 3646
Page 2

issue a title insurance policy, he simply wants to avoid several other facts relevant to this case which weigh heavily on any of the defendants' purported liability. As the Court is now aware from the February 29, 2008 letter (and the declaration annexed thereto) sent by the Rovegnos, this case involves a mortgage rescue fraud that was allegedly perpetrated by Mr. Metheny along with his father-in-law, the plaintiff. Mr. Metheny, representing himself to the Rovegnos as someone in the debt consolidation field, orchestrated the entire "sale" of the Rovegno's property to the plaintiff. As Mr. Rovegno has stated in his sworn statement, approximately $90,000 to $100,000 of their money was delivered to Mr. Metheny at the closing of this real estate transaction to pay off property taxes and other debts and that he apparently absconded with the funds. He has also apparently refused to give the Rovegnos an accounting of the funds he absconded. More importantly, the Rovegnos acknowledge that they did not re-execute certain documents needed to effectuate the transfer of the property to the plaintiff after they learned of Mr. Metheny's deceit.

As the testimony taken in this case to date has confirmed, the Rovegnos refusal to re-execute documents (in light of Mr. Metheny's deceit) directly contributed to the delays in recording the property documents and blocked the issuance of the title insurance policy that plaintiff claims in this lawsuit should have been issued. Moreover, if the Rovegnos prevail in their assertion that the plaintiff and Mr. Metheny orchestrated a mortgage rescue fraud, then the entire conveyance would be voided *ab intio*. If that occurs, plaintiff's complaint against all defendants would be dismissed as the claims arise from real estate transaction that would be deemed a nullity. Accordingly, the documents related to Mr. Metheny's interactions (e.g., his debt consolidation assistance, his payoff of their liens, etc) with the Rovegnos (Subpoena demands B and D) are pertinent to this case.

What is particularly troubling is the fact that Mr. Metheny was going to comply with the subpoena when he thought that his "concerns" for the Rovegnos' financial privacy would block him from having to produce any documents related to his alleged theft of funds. Only after we secured an authorization from the Rovegnos to release that information, did Mr. Metheny become adamant about not appearing for his deposition. The fact that Mr. Metheny wants some unnamed "protections" before agreeing to provide this information in light of a duly executed authorization again demonstrates his stonewalling efforts. What is also troubling is the fact that despite all of the foregoing information coming out in discovery, plaintiff failed to even disclose Mr. Metheny (his son-in-law) in his initial disclosures and only disclosed him as a material witness to this case after Mr. Metheny had been subpoenaed and five days before Mr. Metheny moved to quash the subpoena served upon him. See March 21, 2008 letter from plaintiff's counsel annexed hereto as Exhibit B.

Finally, as to Mr. Metheny's complaints about defective service, his counsel agreed to accept service (see letter dated February 26, 2008 annexed hereto as Exhibit A). At no point prior to the current application did Mr. Metheny's counsel challenge service or request an appearance fee for Mr. Metheny.

Hon. Mark D. Fox
Case No.: 07 cv 3646
Page 3

We will await the Court's directives on the non-party movant's application.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Brett A. Scher

Enclosure

cc:     Julie Mathew, Esq. (via fax)
        John Piskora, Esq. (via fax)
        Diane McFadin, Esq. (via fax)
        Laura and Richard Rovegno (via Fed Ex)

Exhibit A

```
x   x   x   COMMUNICATION RESULT REPORT ( FEB.26.2008  2:10PM ) x   x   x
```
```
                                                                  FAX HEADER 1:
                                                                  FAX HEADER 2:
```
```
TRANSMITTED STORED : FEB.26.2008  2:05PM
FILE MODE        OPTION              ADDRESS                RESULT    PAGE
--------------------------------------------------------------------------
9738 MEMORY TX                       12129431238            OK        4 4
                                     12129431238            OK        4 4
                                        1-212-656-1379      OK        4 4
```
```
-------------------------------------------------------------------------
       REASON FOR ERROR
       E-1) HANG UP OR LINE FAIL          E-2) BUSY
       E-3) NO ANSWER                     E-4) NO FACSIMILE CONNECTION
```

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

**150 East 42nd Street**
**New York, NY 10017-5639**

Telephone #:    212.490.3000
Facsimile  #:    212.490.3038

The following facsimile has 4 page(s) including this cover page. If you have any difficulty, or if the transmission was incomplete, please advise: 212 490 3000 x. 2399.

| | | | |
|---|---|---|---|
| Company: | _____ | Date: | February 26, 2008 |
| Department: | _____ | From: | Brett A. Scher |
| Attention: | Julie Mathew, Esq. | Attorney #: | 1562 |
| Facsimile #: | (212) 943-1238 | File #: | 01224.00580 |
| Telephone #: | (212) 943-1233 | Re: | Willis v. LandAmerica |

cc:    Diane McFadin
       (212) 943-1238

       John Piskora, Esq.
       (212) 656-1379


PLEASE SEE ATTACHED

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean
Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White
Plains
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

3133561.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

## FACSIMILE

**150 East 42nd Street**
**New York, NY 10017-5639**

Telephone #:    212.490.3000
Facsimile  #:    212.490.3038

The following facsimile has 4 page(s) including this cover page.  If you have any difficulty, or if the transmission was incomplete, please advise: 212.490.3000 x. 2399.

| | | | |
|---|---|---|---|
| Company: | | Date: | February 26, 2008 |
| Department: | | From: | Brett A. Scher |
| Attention: | Julie Mathew, Esq. | Attorney #: | 1562 |
| Facsimile #: | (212) 943-1238 | File #: | 01224.00580 |
| Telephone #: | (212) 943-1233 | Re: | Willis v. LandAmerica |

cc:    Diane McFadin
       (212) 943-1238

       John Piskora, Esq.
       (212) 656-1379

PLEASE SEE ATTACHED

This message is intended only for the use of the individual or entity to which it is addressed and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone, and return the original message to us via postal service. Thank you.

**Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington DC • White Plains**
**Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris**

3133561.1

# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

150 East 42nd Street, New York, NY 10017-5639

Tel: 212.490.3000   Fax: 212.490.3038

*Albany • Baltimore • Boston • Chicago • Dallas • Garden City • Houston • Las Vegas • London • Los Angeles • McLean*
*Miami • Newark • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • White Plains*
*Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

February 26, 2008

**VIA FACSIMILE (212) 943-1238**

Julie Mathew, Esq.
11 Broadway, Suite 715
New York, New York 10004-1371

|       | Re: | Bennie Willis v. Landamerica Onestop, Inc., et al. |
|-------|-----|-----------------------------------------------------|
|       | Case No. | : | 07 CV 3646 (SCR) |
|       | Our File No. | : | 01224.00580 |

Dear Ms. Mathew:

It was a pleasure speaking with you this morning.  As you indicated that you were authorized to accept service of our subpoena for Terry Metheny, I am enclosing it herewith.  You indicated that Mr. Metheny had some obligations in the next few weeks, so the date set for the deposition is flexible.  If March 17, 2008 does not work, please let me know.  The only caveat is that the deposition must be completed by April 15, 2008.

Should you have any questions or need any additional information, please contact the undersigned.

Respectfully yours,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Brett A. Scher

Enclosure

cc:    John Piskora, Esq. (via fax)
       Diane McFadin, Esq. (via fax)

Issued by the
# UNITED STATES DISTRICT COURT

SOUTHERN _____ DISTRICT OF NEW YORK

BENNIE WILLIS,

Plaintiff,

- against -

LANDAMERICA ONESTOP, INC., d b a LAWYERS
TITLE SERVICES COMPANY, INC., and or LAWYERS TITLE
INSURANCE CORPORATION, ACRANET MORTGAGE
SETTLEMENT SOLUTIONS, LLC d b a ACRANET LENDSERVE,
RICHARD ROVEGNO, and LAURA ROVEGNO,

Defendants.

## SUBPOENA IN A CIVIL CASE

CASE NUMBER:
07 CV 3646 (SCR)

**TO:  Terry Metheny**
**c/o Julie Mathew, Esq.**
**11 Broadway, Suite 715**
**New York, NY 10004-1371**

---

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

---

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 150 East 42nd Street, 23rd Floor, New York, New York 10017** | DATE AND TIME March 17, 2008 10:00 a.m |
|---|---|

---

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

(a) Any and all documents or electronic records including, but not limited to emails, concerning the property located at 28 Terri Lee Lane, New Hempstead, NY 10977;

(b) Any and all documents or electronic records including, but not limited to emails, concerning Laura Rovegno and/or Richard Rovegno with respect to the purchase, sale, rental or refinancing of the property located at 28 Terri Lee Lane, New Hempstead, NY 10977 as well as any insurance claims filed with respect to the aforementioned property;

(c) Any and all documents or electronic records including, but not limited to emails, concerning Bennie Willis with respect to the purchase, sale, rental or refinancing of the property located at 28 Terri Lee Lane, New Hempstead, NY 10977, as well as any insurance claims filed with respect to the aforementioned property;

(d) Any and all documents or electronic records including, but not limited to emails, concerning any attempts to repair credit, consolidate debt, refinance debt, negotiate or payoff liens and/or obligations on behalf of Laura and/or Richard Rovegno.

| PLACE **WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP 150 East 42nd Street, New York, New York 10017** | DATE AND TIME March 17, 2008 10:00 a.m. |
|---|---|

---

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DEFENDANT | DATE February 22, 2008 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Brett A. Scher; Wilson, Elser, 150 East 42nd St., New York, N.Y. 10017; (212) 490-3000

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

3130774.1

## PROOF OF SERVICE

|  |  |
|---|---|
| DATE | PLACE |

**SERVED**

|  |  |
|---|---|
| SERVED ON (PRINT NAME) | MANNER OF SERVICE |

|  |  |
|---|---|
| SERVED BY (PRINT NAME) | TITLE |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

### Rule 45, Federal Rules of Civil Procedure, Parts C & D:

**(c) PROTECTION OF PERSON SUBJECT TO SUBPOENAS**

(1) A party of an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection f premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises, except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party service the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying command.

(3) (A) On timely motion, the court by which a; subpoena was issued shall quash or modify the subpoena if it

(i)     fails to allow reasonable time for compliance.
(ii)     requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(III) of this

rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii)     requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv)     subjects a person to undue burden.

(B) If a subpoena

(i)     requires a disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii)     requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii)     requires a person who is not a party or an officer of a party to incur substantial expenses to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand

(2) When information subject to a; subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim

Exhibit B

# THE MCFADIN LAW GROUP

11 BROADWAY, SUITE 715 NEW YORK, NY 10004
WWW.MCFADINLAW.COM
DMCFADIN@MCFADINLAW.COM

DIANE MCFADIN
LICENSED IN NEW YORK AND TEXAS

TEL 646 723 2757
FAX 212 943 1238

March 21, 2008

**VIA EMAIL and FIRST CLASS MAIL**

John A. Piskora, Esq.
Loeb & Loeb, LLP
345 Park Avenue
New York, NY 10154

Brett A. Scher, Esq.
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
150 East 42nd Street
New York, NY 10017

   Re: *Willis v. LandAmerica Onestop, Inc. et al.*
     Index No.: 2007-CV-3646

Dear Sirs.:

  Please consider this a supplement to Plaintiff's Rule 26(a) Initial Disclosures. The following additional individuals are likely to have discoverable information that plaintiff may use to support his claims, defenses and damages:

  Audra Hannig      Terry Metheny
  Lead Counsel      333 Willis Drive
  Topdot, LLC       Western Grove, AR 72685
  125 Jericho Turnpike
  Jericho, NY 11753
  (516) 870-1124

If you have any questions concerning this matter, please contact us.

           Sincerely,

           Adam Nicolazzo

# EXHIBIT B



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
══════════════════════════════════X    Civil Action No.:  07 Civ. 3646 (SCR)

BENNIE WILLIS,

                    Plaintiff(s)              ***CERTIFICATE OF SERVICE***

        -against-

LANDAMERICA ONESTOP, INC. d/b/a
LAWYERS TITLE SERVICES COMPANY, INC.,
and/or LAWYERS TITLE INSURANCE
CORPORATION, ACRANET MORTGAGE
SETTLEMENT SOLUTIONS, LLD, d/b/a
ACRANET LENDSERV, RICHARD ROVEGNO
and LAURA ROVEGNO

                    Defendant(s).

══════════════════════════════════X

        I hereby certify that on the 18th day of June 2008, I served a copy of the foregoing

Reply Affirmation/Declaration in Further Support of Motion and Exhibits annexed thereto upon

counsel for all parties by securely enclosing the aforesaid document in a postage paid wrapper

and placed in a post office box regularly maintained by the United States Postal Service in

Westbury, New York in said County of Nassau, directed to the following:

                LAW OFFICE OF DIANE McFADIN
                Attorney for Plaintiff
                11 Broadway – Suite 715
                New York, New York 10004

                LOEB & LOEB, LLP
                Attorneys for Defendant
                    Lawyers Title Insurance Corp.
                345 Park Avenue
                New York, New York 10154

WILSON, ELSER, MOSCOWITZ,
EDELMAN & DICKER, LLP
Attorneys for Defendant Acranet
150 E. 42nd Street
New York, New York 10017

Dated: Westbury, New York
        June 18, 2008

LEVIN & CHETKOF, LLP

By: _____
        **Michael G. Levin, Esq.** (ML 5441)
Attorneys for Defendant Rovegno
265 Post Avenue - Suite 290
Westbury, New York 11590
(516) 338-2888
File No.: GL 18050

2